# Hugh J. Reilly, Appellant, *v.* Henry Gautschi.

*Vendor and vendee—Agreement to sell real estate—Doubtful description —Specific performance—Equity.*

Where a serious doubt exists in the mind of the chancellor as to the intention of the parties, he will not decree specific performance of a contract for the sale of land.

On a bill in equity for the specific performance of a contract to sell land, it appeared that defendant owned two adjoining tracts which he had bought at an orphans' court sale as "being contiguous and sold as one property." The general description in the contract was applicable either to the two tracts considered as one property, or to one without the other. The evidence of plaintiff tended to show that the intention was to include both in the sale. The evidence of the defendant and his witnesses tended to show that it was the intention of the defendant to sell only one of the tracts. The master found that the minds of the parties never met. Exceptions to his report were overruled, and a decree entered dismissing the bill. *Held*, (1) that it was proper to ascertain the intention of the parties by facts dehors the writing; (2) that the master's finding of facts based upon sufficient evidence, and sustained by the court below, would not be reversed by the Supreme Court.

Argued Jan. 16, 1896. Appeal, No. 149, July T., 1895, by plaintiff, from decree of C. P. No. 4, Phila. Co., Sept. T., 1892, No. 528, dismissing bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity for the specific performance of a contract to sell real estate.

The case was referred to D. W. Amram, Esq., as referee.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was decree dismissing bill.

*Robert D. Coxe*, for appellant.—Parol evidence was admitted to explain the ambiguity of the paper: Dinkle v. Marshall, 3 Binn. 587; Selden v. Williams, 9 Watts, 9; Aldridge v. Eshelman, 46 Pa. 420; Barnhart v. Riddle, 29 Pa. 92; Jackson v. Litch, 62 Pa. 451; Bertsch v. Lehigh Coal and Navigation Co., 4 Rawle, 130; Morris' Appeal, 88 Pa. 368; Light v. Heilman,

1 Pears. 537; Greenawalt v. Kohne, 85 Pa. 369; Barclay v. Wainwright, 86 Pa. 191; Hoopes v. Beale, 90 Pa. 82; Keough v. Leslie, 92 Pa. 424; Stephens' Dig. Evid. ch. XII. art. 91, p. 167.

It was primarily for the court below to determine whether the minds of the parties to the contract met understandingly on the same thing at the same time; and, thereupon, to ascertain, if it be possible from the evidence, what that particular thing or subject-matter was: Cortelyou's App., 102 Pa. 567.

Plaintiff was entitled to a decree for specific performance: Pomeroy Specific Perf. 152; Waterman Specific Perf. 144; 2 Leading Cases in Equity, 1030; Felty v. Calhoun, 139 Pa. 378; Thompson v. Coal Co., 7 Phila. 617; Cortelyou's App., 102 Pa. 576; Hammer v. McEldowney, 46 Pa. 334; Soles v. Hickman, 20 Pa. 180; Lee's App., 12 W. N. C. 183; Reed, Stat. Frauds, 408, ch. XVIII.; Ferguson v. Staver, 33 Pa. 411; Troup v. Troup, 87 Pa. 149; Smith & Fleek's App., 69 Pa. 474; Merill's App., 16 W. N. C. 346; Tripp v. Bishop, 56 Pa. 424; Smith's App., 69 Pa. 474; Reed Stat. Frauds, 367; Del. Ins. Co. v. Delaunie, 3 Binn. 295.

*Walter E. Rex*, for appellee.—Specific performance will not be decreed of a contract for the sale of land where the description of the land is vague and the parties appear to have a different understanding at the time of its execution as to the extent of the tract covered by the description: Cortelyou's App., 102 Pa. 576.

A decree of specific performance is of grace, and not of right: Brown v. Pitcairn, 148 Pa. 387; Weise's App., 72 Pa. 351; Datz v. Phillips, 26 W. N. C. 512; Friend v. Lamb, 152 Pa. 529; Freetly v. Barnhart, 51 Pa. 279; Ballou v. March, 133 Pa. 64; Galloway v. Horne, 2 Del. Co. Ct. 515; Pollock on Contracts, 430; Calverley v. Williams, 1 Ves. Jr. 210; Harris v. Pepperell, L. R. 3 Eq. 1; Bloomer v. Spittle, L. R. 13 Eq. 427; Shattuck v. Cunningham, 166 Pa. 368.

OPINION BY MR. JUSTICE DEAN, March 2, 1896:

On the 11th of July, 1892, Gautschi, the defendant, by written receipt, sold and agreed to convey to plaintiff for the con-

sideration of $10,075, certain real estate in Philadelphia.   The writing is as follows:

" Received, Philadelphia, July 11, 1892, of Hugh J. Reilly, Five Hundred Dollars ($500) on account of purchase money of premises Chestnut Avenue and Bethlehem Pike, Philadelphia, late the property of John McCoy, deceased, which I agree to convey to the said Hugh Reilly immediately upon my acquiring a title to the same and upon the payment of the sum of Nine Thousand Five Hundred and Seventy-Five Dollars ($9575) in addition to the sum already paid, the total price being Ten Thousand and Seventy-Five Dollars (10075).   If I acquire no title the sum so paid to be refunded.

" HENRY GAUTSCHI."

The litigation here arises from the vague description of the property in the writing: " Premises Chestnut avenue and Bethlehem Pike Philadelphia, late the property of John McCoy, deceased, which I agree to convey to the said Hugh J. Reilly immediately on my acquiring title to the same."

On June 7, 1892, Gautschi had purchased, at an orphans' court sale of the real estate of John McCoy, deceased, two separate pieces of adjoining land: No. 1—" All that certain lot or piece of ground with the buildings and improvements thereon erected, beginning at the south corner of Chestnut Hill and Spring House Turnpike Road and Chestnut Hill avenue in 22nd ward of Philadelphia."   Also No. 2, being " All those three certain lots or pieces of ground with the buildings and improvements on each situate on the Westerly side of the said Chestnut Hill and Spring House Turnpike Road in the 22nd ward aforesaid. . . . The said several premises No. 1 and No. 2 being contiguous and sold as one property."

Although in the description for sale, they are set forth as two properties, they were knocked down at one bid, $7,500, to Gautschi, subject to a first mortgage of $1,800.   This was the situation when Gautschi and Reilly made the bargain of July 11, 1892, evidenced by the receipt.   Afterwards, on the 16th of September of same year, the orphans' court confirmed the sale, and deed was made accordingly by the administrator to Guatschi.   In the return of sale and in the deed the two properties are described as Nos. 7 and 8, as specified in the appraisement of McCoy's estate.

The description in the receipt could embrace the entire property, for both constitute premises on Chestnut avenue and Bethlehem pike, late the property of John McCoy, complete title to which was afterwards, by confirmation of sale by orphans' court and deed of administrator, acquired by Gautschi. And the description would also be answered by parcel No. 1, leaving out its adjoiner, No. 2.

The plaintiff averred, he bargained for both, and sought by this bill for specific performance to compel a conveyance of both. The defendant denied he ever agreed to sell or convey more than lot No. 1, and averred that plaintiff undertook to purchase no more than this.

The case was referred to D. W. Amram, Esq., who, after full hearing, in his findings of fact and conclusions of law sustained the answer, and suggested a decree dismissing the bill. The court so decreed, and plaintiff appeals, assigning for error, in substance, the findings of fact by the referee.

That the agreement, when applied to the subject-matter, is capable of two interpretations, cannot be questioned. As Gautschi owned two distinct yet adjoining lots on the corner of two streets, a description of the " premises Chestnut Avenue and Bethlehem Pike " was applicable to the corner lot alone, or to the corner lot and its adjoiner, depending on the intention of the parties. As they flatly contradicted each other in their interpretation of the instrument, their intention must be ascertained by facts dehors the writing.

The referee finds, the minds of the parties never met as to the subject of the contract; that they never assented to the same thing in the same sense. Gautschi intended to sell, and thought he was describing but one lot; Reilly intended to buy and thought he was buying both lots. The evidence was ample to warrant this finding; the intention of neither party was contradicted by the instrument.

Where a serious doubt exists in the mind of the chancellor, as to the intention of the parties, he will not decree specific performance of a contract for the sale of land. In all its essential features, the case is similar to Cortelyou's Appeal, 102 Pa. 576, where the written description was applicable to one lot or two. The master and court below were in doubt as to the intention of the parties. This court, in affirming the decree dismissing

the bill, held, that under such circumstances, specific perform-
ance ought not to be decreed.

The able argument of counsel for appellant, by which he
seeks to avoid the effect of the ruling in Cortelyou's Appeal,
does not touch the far older principle on which the decision is
founded, but tends to show the referee here was mistaken in
his findings of facts. But these findings to a great degree are
founded on the credibility of the witnesses, Gautschi, his daugh-
ter, son, and Stemple and Reilly, as to what took place before
and subsequent to the contract, when the application for title
insurance was signed, and the deed describing but one lot
handed to and read by Reilly. He certainly was not manifestly
wrong in crediting the testimony of defendant's witnesses; tak-
ing their statements as true, Gautschi never intended to sell
the two lots, and there is even some doubt as to whether plain-
tiff thought he was buying more.

The decree is affirmed, and appeal dismissed at costs of ap-
pellant.