## The School District of Penn Township, Appellant, v David Snyder

*Specific performance—Parol contract—Primary essentials.*

To sustain an action for the specific performance of a parol contract for the sale of land the first essential is to prove the contract and its part performance.

Specific performance will not be decreed when from the facts as found it is clear that the minds of the parties never met and assented to the same thing in the same sense, without which meeting of minds there could be no contract.

Argued April 19, 1897. Appeal, No. 73, April T., 1897, by plaintiff, from decree of C. P. Westmoreland Co., No. 245, in equity, dismissing exceptions to master's report. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Exceptions to master's report.   Before McCONNELL, J.

It appeared from the record and evidence that this was a bill in equity for specific performance arising from oral contract made by defendant with the plaintiff for sale of land whereby the plaintiff, it was alleged, was to pay defendant $100 and give him in addition the old school building then standing on the lot in question of which the defendant, as plaintiff contends, was to give a good warranty deed in fee.   The defendant, in pursuance of said contract removed the old schoolhouse and placed it on other real estate belonging to him adjacent thereto, and the plaintiff immediately thereafter built on said lot a frame schoolhouse consisting of two rooms and furnished the same at a total outlay of almost $2,000 ; that the plaintiff in July, 1892, tendered the defendant the sum of $100 in cash and demanded a fee simple deed.   The defendant denied such oral contract as contended for by the plaintiff and refused to deliver the deed in fee simple but in return signified his willingness to deliver a deed to said plaintiff for said lot of ground to be held by it so long as the said lot should be used for school purposes.

The case was heard before A. D. McConnell, as master, who decided in favor of the defendant's contention.

On exception to his report the court of common pleas dismissed the exceptions and confirmed the report.   Plaintiff appealed.

*Errors assigned* among others were (2) In not decreeing specific performance.   (3) In adopting the seventh finding of fact of the master, as follows : " 7. No agreement was concluded between David Snyder and the school board until July 1, 1889. At the date mentioned, P. J. Kline, acting for the board, and David Snyder concluded an arrangement whereby David Snyder, by reserving the old building, was entitled to have it, and was to receive $100, and the school board was to receive a deed for the premises described in the bill.   The understanding of the parties to this arrangement, however, differed in two important particulars, viz : P. J. Kline believed and intended it to be understood that·David Snyder was to receive the old schoolhouse and foundation as a part of the price for the land, and that David Snyder was to give an absolute deed in fee simple for the lot, but David Snyder believed and intended it to be understood

230 SCHOOL DISTRICT *v.* SNYDER.

Assignment of Errors—Opinion of the Court. [5 Pa. Superior Ct.

that he was to receive the old schoolhouse and foundation in concession to his claim to the previous ownership of them subject to the use thereof for school purposes, by reason of his ownership of the land on which they stood, and that he was to make a deed to the school district for the. lot so long as it was used for school purposes."

*J. R. Spiegel*, of *Spiegel & McGeary*, with him *Gaither & Woods*, for appellant.

*Atkinson & Peoples*, for appellee.

Opinion by Smith, J., July 23, 1897:

In an action for the specific performance of a parol contract for the sale of land the first essential is to prove the contract and its part performance. The measure of proof in such cases has been given in Hart v. Carroll, 85 Pa. 508, as follows: "In order to take a parol contract for the sale of lands out of the operation of the statute of frauds its terms must be shown by full, complete, satisfactory and indubitable proof. The evidence must define the boundaries and indicate the quantity of the land. It must fix the amount of the compensation. It must establish the fact that possession was taken in pursuance of the contract, and at or immediately after the time it was made; the fact that the change of possession was notorious, and the fact that it has been exclusive, continuous and maintained. And it must show performance or part performance by the vendee which could not be compensated in damages, and such as would make rescission inequitable and unjust." Therefore, "when an attempt is made to establish title to land under a parol contract, proof thereof in all its essentials, and in its equities, should be so plain and clear as to preclude doubt or hesitation as to the contract and the equities arising thereunder:" Miller v. Zufall, 113 Pa. 317; and "when any serious doubt exists in the mind of the chancellor as to the intention of the parties, he will not decree specific performance of a contract for the sale of land:" Reilly v. Gautschi, 174 Pa. 80. The rules quoted have long been the established law of Pennsylvania on the subject and they would seem to be decisive of the case in hand.

At the outset the plaintiff is met with a denial of the con-

tract averred, the defendant denying that a fee simple title was to be given; and it is further contended that the plaintiff has failed to show by the weight of the evidence, much less " by full, complete, satisfactory and indubitable proof," that there was an agreement for an absolute title.    The learned master, who afterward sat as judge and reviewed the case, has found as a fact that the plaintiff failed to establish by evidence the contract sought to be enforced.    The nearest approach to a contract, according to the master's report, is set out in the seventh finding of fact where it is definitely stated that the representative of the plaintiff in a conversation with the defendant on July 1, 1889, " believed and intended it to be understood " that the defendant was to give an absolute deed in fee simple for the lot, while the defendant " believed and intended it to be understood "·that he " was to make a deed to the school district for the lot so long as it was used for school purposes."    It will be seen that here is a material point not agreed upon, and about which there is a radical dispute not settled by the evidence.    Under these circumstances the court below was right in refusing a decree of specific performance, which is not of right but of judicial grace.    There was more than that " serious doubt " which is always sufficient to stay the hand of a chancellor; not only was clear and indubitable proof of a contract lacking, to relieve the question of doubt, but in fact there was no contract shown. From the facts as found it is clear that the minds of the parties never met and assented to the same thing in the same sense, and without this there could have been no complete contract. To constitute a contract the parties must have concurrently assented to the same thing; in this way only can it be said that their wills completely coincided, and that a contract has been perfected.

After a full examination of the evidence submitted to us we are of opinion that there was sufficient conflict in it to create a serious doubt in the mind of the chancellor as to the existence of an agreement concluded between the parties.    With the burden on the plaintiff to adduce convincing evidence of this paramount essential, doubt is left on a vital point.    It is unnecessary to consider the other questions discussed on the argument, as they are all dependent on the main proposition, and, like the branches of an uprooted trunk, they must fall with it.

The defendant and his wife having duly executed a deed for the land in dispute, in accordance with his understanding of the agreement with the plaintiff, and tendered it in the court below where it has been filed, and the court in its decree having directed it to be delivered to the plaintiff upon compliance with the undisputed terms of the agreement, specified in the decree, that decree will be affirmed by this court with the exception of the period allowed for its fulfilment which will be extended thirty days from this date.

Now July 23, 1897, the decree of the court below is affirmed with the modification that the plaintiff have thirty days from this date in which to comply with its requirements. It is further ordered that the appellant pay all the costs incurred in this proceeding.