# O'Connell, Appellant, *v.* Cease et al.

*Equity—Specific performance—Contract to sell real estate—Insufficient description—Reference by name—Pleadings—Bill—Allegata et probata—Statute of frauds—Parol evidence.*

1. Equity will not decree the specific performance of a contract unless its terms are clear and capable of ascertainment from the instrument itself; nor will it decree such performance where the agreement is so ambiguous and contradictory in its terms as to make its meaning indefinite and uncertain; nor unless the writing contains an identification of the property. The essential basis of a decree for specific performance of a contract to convey real property is a definite present agreement in regard to a specific piece of land, clearly designated as present to the minds of both parties, and to be conveyed by one to the other. It is not the function of a court of equity to make a contract for the parties nor to supply any material stipulation thereof.

2. An agreement to sell real estate will not be specifically enforced, where the land is merely described as "the property situate in the Borough of Duryea, County of Luzerne, State of Pennsylvania, bounded and described as follows, to wit: Being Lot Number......in Square or Block Number......and situate upon street called and known as Main Street, said lot is......feet wide in

front and rear, and......feet in depth and improved silk mill and all silk machinery, tools and equipment formerly Dutton Silk Mill."

3. Where the bill to enforce such an agreement includes in its description one lot and part of another but does not allege that the mill covers the entire lots, and prays for the conveyance of such land, but not for the conveyance of the silk mill, a sufficient doubt arises so as to preclude specific performance, inasmuch as the description of the lot in the contract is bad, and that of the mill not sufficient to include the lots set out in the bill.

4. Real estate may be described by reference to a plan, a plot, a lot number, or a prior conveyance, or by name, but plaintiff cannot enforce specific performance by making a futile attempt to describe a lot, and then confine the reference to the improved silk mill to "formerly Dutton Silk Mill," without mentioning any land appurtenant thereto.

5. While parol evidence cannot supply an omission in the terms of the written contract, it may be admitted to apply the description to the subject-matter thereof.

Argued April 12, 1920. Appeal, No. 285, Jan. T., 1920, by plaintiff, from decree of C. P. Luzerne Co., Oct. T., 1919, No. 4, in Equity, dismissing bill in equity, in case of Timothy O'Connell, Jr., v. M. A. Cease, and M. A. Cease, trading as the Duryea Silk Throwing Co.  Before Brown, C. J., Stewart, Frazer, Walling, Simpson and Kephart, JJ.  Affirmed.

Bill in equity for specific performance of contract to sell real estate.  Demurrer to bill.

Plaintiff averred that defendants had agreed to sell to plaintiff certain real estate which he described in the bill as follows:

"All that piece or parcel of land situate lying and being in the borough of Duryea, County of Luzerne, State of Pennsylvania, beginning at a point on the south-easterly side of the main road in said borough on the division line between lots No. 21½ and 22 in Block No. 1 on the Pettebone Estate in Duryea, the map of which is recorded in the office for the recording of deeds in and for Luzerne county, in Deed Book No. 286, page 3;

290    O'CONNELL, Appellant, v. CEASE et al.

thence along said division line south, 18° 13' east, two hundred thirty-one and four-tenths feet to the right of way of the D., L. & W. Railroad; thence along said railroad right-of-way southwesterly about one hundred and four feet to a point; thence north, 18° 13' west, two hundred and fifty-seven feet, more or less, to the main road aforesaid; thence along said main road north, 82° 57' east, one hundred and five feet to the place of beginning. Being lot No. 21½ and part of lot No. 21 on said Pettebone Estate, and being the same premises conveyed to the William Dutton Silk Throwing Company, by deed of the Dutton Silk Company dated February 6th, 1909, and recorded in Luzerne county in Deed Book No. 448, page 520."

The option to purchase the real estate in dispute is set forth in the opinion of the Supreme Court.

The court sustained the demurrer and dismissed the bill in an opinion by WOODWARD, J., on the ground that the description in the option was too indefinite in its terms to sustain a decree of specific performance. Plaintiff appealed.

*Error assigned* was decree dismissing bill.

*Andrew Hourigan,* with him *R. W. Rymer,* for appellant.—The description was sufficient: Smith's App., 69 Pa. 474; Ross v. Baker, 72 Pa. 186; Haupt v. Unger, 222 Pa. 439; Ranney v. Byers, 219 Pa. 332; Mellon v. Davison, 123 Pa. 298; Hammer v. McEldowney, 46 Pa. 334; Phillips v. Swank, 120 Pa. 76.

*Frank L. Pinola* and *Neil Chrisman,* with them *William S. McLean, Jr.,* for appellees.

OPINION BY MR. JUSTICE WALLING, May 3, 1920:

Plaintiff's bill prays for the specific performance of a real estate option, as follows, viz: "Scranton, Pa., July 28, 1919.    Received of Timothy O'Connell, Jr., one

($1.00) dollar, lawful money of the United States, in consideration whereof I hereby agree to give said Timothy O'Connell, Jr., his heirs or assigns, an exclusive option for sixteen days from date hereof, to buy or sell the property situate in the borough of Duryea, county of Luzerne and State of Pennsylvania, bounded and described as follows, to wit: Being Lot Number......in Square or Block Number......and situate upon street called and known as Main Street, said lot is......feet wide in the front and rear and......feet in depth and improved silk mill and all silk machinery, tools and equipment formerly Dutton Silk Co. mill. I also agree to deliver the above described premises to the said Timothy O'Connell, Jr., his heirs or assigns, by good and sufficient deed, in fee simple and general warranty, free of all liens and encumbrances, including inchoate rights of dower, and to adjust the rent, taxes, water rent and insurance to date of settlement, for the sum of seventy-five thousand dollars, payable upon the following terms: to be agreed upon or $40,000 on mortgage and bal. cash. Tax adjustment to be on the basis of the year beginning January 1, 191......[We omit a paragraph relating to plaintiff's commissions in case he obtained a purchaser.]

"Signed, sealed and delivered the aforesaid date. M. A. Cease. (seal)"

Plaintiff avers that he was ready and willing to complete the purchase and, within the time specified, tendered performance as best he could owing to the fact that defendant at first secreted himself and later refused to carry out the contract. Defendant filed a demurrer to the bill, which, upon due consideration, the court below sustained and dismissed the bill; from which decree plaintiff brought this appeal.

The first ground of demurrer, viz: "The written agreement, dated July 28, 1919, and attached to the plaintiff's bill of complaint and marked 'Ex-A,' is obscure and indefinite in that it fails to describe the property of the defendant with sufficient clearness and accuracy," is well

taken; for the description is fatally defective. It attempts to describe a lot, but beyond the fact that it is located on Main street in the Borough of Duryea nothing appears. The number, block, depth and width are left blank; no adjoining property is mentioned or other means of identification. It does not, so far as it goes, correspond with the property described in plaintiff's bill, which includes one lot and part of another. True, the option contains the added words, "and improved silk mill and all silk machinery, tools and equipment formerly Dutton Silk Co. mill." That might be a sufficient description of the silk mill, but not of the lot; in fact, the contract does not state, unless by inference, that the mill is located on the lot in question; even if so considered, we do not know what amount of land, or how large a lot goes with the mill. That is, treating the description of the mill as sufficient there is nothing to indicate what amount of land if any is to be conveyed with it. Plaintiff is not praying for a conveyance of the silk mill but of certain lots whereon he claims it is located; but there is no allegation that the mill covers the entire lots, and, as at best the contract sufficiently describes nothing but the mill, he is not entitled to a decree for a conveyance of the lots. As the description of the lot is manifestly bad and that of the mill not sufficient to include the lots set out in the bill, there is at least such a doubt as to preclude specific performance of the contract. Certainly defendant could not compel plaintiff to accept a deed for the property described as in the option. Equity will not decree the specific performance of a contract unless its terms are clear and capable of ascertainment from the instrument itself (Hammer v. McEldowney, 46 Pa. 334; Reilly v. Gautschi, 174 Pa. 80); nor will it decree such performance where the agreement is so ambiguous and contradictory in its terms as to make its meaning indefinite and uncertain (Merill's App., Pa. Supreme Ct., 16 W. N. C. 346); nor unless the writing contains an identification of the

property (Weisenberger et al. v. Huebner, 264 Pa. 316; Mellon v. Davison, 123 Pa. 298). The essential basis of a decree for specific performance of a contract to convey real property is a definite present agreement in regard to a specific piece of land, clearly designated as present to the minds of both parties, and to be conveyed by one to the other: Brown v. Hughes, 244 Pa. 397; Baldridge v. George, 216 Pa. 231; Agnew v. Southern Ave. Land Co., 204 Pa. 192. It is not the function of a court of equity to make a contract for the parties nor to supply any material stipulation thereof: Albright v. Albright, 228 Pa. 552; Zimmerman v. Rhoads, 226 Pa. 174.

Undoubtedly real estate may be described by reference to a plan, a plot, a lot number, or a prior conveyance, or by name, such as "Hotel Duquesne property" (Henry v. Black, 210 Pa. 245); "The Fleming Farm on French Creek" (Ross v. Baker, 72 Pa. 186); "The Byers place" (Ranney v. Byers, 219 Pa. 332); or by other sufficient identification (Haupt v. Unger, 222 Pa. 439; Felty v. Calhoon, 139 Pa. 378). Had the option in the present case referred to the real estate merely as the property formerly of the Dutton Silk Co., situate on Main street, etc., in place of making a futile attempt to describe a lot, and then confining the reference to the improved silk mill to "formerly Dutton Silk Co. mill" without mentioning any land as appurtenant thereto, plaintiff's contention would stand better. While parol evidence cannot supply an omission in the terms of the written contract, it may be admitted to apply the description to the subject-matter thereof: Title G. & S. Co. v. Lippincott, 252 Pa. 112; Whiteside v. Winans, 29 Pa. Superior Ct. 244.

As our conclusions above stated lead to an affirmance of the decree, it is unnecessary to consider the other questions raised by the demurrer.

The decree is affirmed at the costs of appellant.