Larson et ux. *v.* Koster et al., Appellants.

Argued March 22, 1934. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*David H. Kramer,* for appellants.—An agreement for the sale of real estate cannot be specifically enforced unless all the requisite facts in regard thereto are in writing, including the absolute indentification of the property: Weisenberger v. Huebner, 264 Pa. 316; Weaver v. Shenk, 154 Pa. 206; Ballou v. March, 133 Pa. 64.

*John McKelvie,* for appellees, cited: Henry v. Black, 210 Pa. 245; Dunham v. McMichael, 214 Pa. 485; Duffield v. Hue, 129 Pa. 94; Davis v. Hawkins, 163 Pa. 228;

Royer v. Boro., 171 Pa. 429; Power v. Grogan, 232 Pa. 387; Wolfe v. Scott, 275 Pa. 343; Fowler's App., 87 Pa. 454.

OPINION BY MR. JUSTICE LINN, April 23, 1934:

This appeal is from a decree directing specific performance of an agreement to exchange two lots of ground, with the improvements thereon erected, in the City of Pittsburgh.

By contract dated April 7, 1927 (Exhibit A to the bill), plaintiffs—husband and wife—and appellants—husband and wife—agreed to exchange two lots, describing them by metes and bounds, and providing that a mortgage in specified amount should be placed on each property. Attached to this contract were riders, in which plaintiffs' property was designated as "the Phillips Avenue property" and the defendants' as "the Ridgewood Street property." April 17, 1931, a supplemental agreement (Exhibit B) was executed, referring to the properties by the same designations.

July 21, 1931, a third agreement (Exhibit C) was made. In part it provides (italics ours):

"WHEREAS, said parties entered into an Agreement dated April 7, 1931, and by riders dated April 17, 1931, covenanted and agreed to sell *certain properties,*

AND WHEREAS, the parties have now reached a complete understanding with respect to the terms governing the sale of *said properties,*

"Now, THEREFORE, it is hereby understood and agreed that this Agreement shall take the place of any prior Agreements and be in detail the understanding and agreement which the said parties have concerning the transfer of *said properties.*"

In this agreement, plaintiffs' property was designated as "the property at 5530 Phillips Avenue"; and defendants' as "the property at No. 1997-99 Perrysville Avenue." Selecting merely those descriptive terms, appellants contend that the land is not sufficiently described

to be made the subject of a decree of specific performance; that the terms of the agreement of July 21st exclude reference to the earlier contracts for the purpose of identifying "the property at No. 1997-99 Perrysville Avenue" by metes and bounds.

The contention is without merit: the preamble to the agreement of July 21, 1931 (quoted above) shows that it provides for the transfer of the properties particularly described in the first contract. Between the date of the original agreement and July 21st, plaintiffs had secured the required mortgage on their property, thus rendering the second rider to the contract of April 7th and the supplemental agreement of the 17th inappropriate. In consequence of this change of circumstances, a new contract which (in the words of the parties already quoted) would "be in detail the understanding and agreement which the said parties have concerning the transfer of said properties" became necessary. This contract took the place of prior agreements as to the terms of the transfer, but it clearly appears that it referred to the same properties.

While defendants' lot is referred to in Exhibit C as "the property at No. 1997-99 Perrysville Avenue," rather than as "the Ridgewood Street Property," the bill alleges that Perrysville Avenue is also called Ridgewood Street, a fact not denied in the answer, making clear the connection between the contract of April 7th and Exhibit C: Weisenberger v. Huebner, 264 Pa. 316, 319, 107 A. 763; Weaver v. Shenk, 154 Pa. 206, 208, 26 A. 811; see, too, Ross v. Baker, 72 Pa. 186; Henry v. Black, 210 Pa. 245, 59 A. 1070; Whiteside v. Winans, 29 Pa. Superior Ct. 244.

Defendants contend that they should not be ordered to make the mortgage agreed upon, and cite cases from other jurisdictions holding that, for breach of a mere contract to lend or borrow money or to place a mortgage, the remedy is at law and not in equity. These are inapplicable, since this is not a mere contract to mortgage

in the absence of special circumstances. Here the obligation to mortgage is a mere incident to the contract to exchange. The bill alleged, and the Kosters' answer admitted, that they had arranged to borrow from the Allegheny Trust Company the sum of $15,000 and secure the loan on the premises in question. Defendants offered no evidence on this subject.

There is no basis for the complaint that a surviving party was allowed to testify in violation of the Evidence Act of 1887.

Decree affirmed at appellant's costs.