Andre et al. *v.* Andre et al., Appellants.

598

Argued April 22, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Lee C. McCandless,* of *Marshall & McCandless,* for appellants.

*J. Campbell Brandon,* of *Brandon, Brandon & Ross,* for appellees.

OPINION BY JAMES, J., October 6, 1936:

Philip C. Andre, by his last will and testament, devised to his four sons, J. Clyde Andre, Urban A. Andre, Abram J. Andre and Leroy C. Andre, subject to the life estate of his wife; Laura J. Andre, and mother of Abram and Leroy, a house and lot in the City of Butler, Pa. By deed dated June 11, 1923, J. Clyde and Urban and their wives conveyed their undivided one-half interest in the property to Abram and Leroy, subject to the life estate of the grantees' mother. Leroy and his wife, on April 20, 1926, conveyed their interest in the premises to Abram and his wife, Elizabeth E. Andre. The consideration for the conveyance was the payment by the grantees of an encumbrance of $800 upon the premises and a judgment note, payable to Leroy, dated April 28, 1926, in the sum of $2,500 without interest due one year after date. On January 26, 1929, Abram and his wife, together with Laura J. Andre, the life tenant, executed and delivered a mortgage upon the premises to a building and loan association, maturing in 1935, to secure the payment of $3,500, which had been reduced to $1,400. On February 11, 1930, judgment was confessed on the note for $2,500 and execution issued, but later was stayed by reason of an agreement entered into on February 17, 1930. The agreement, executed by Abram and Leroy, was written by Urban and was arrived at largely through his efforts. The agreement, captioned "Butler, Pa. Feby. 17th, 1930" provided that "Abram J. Andre, hereafter known as party of the first part and Roy C. Andre, hereafter known as party of the second part, agree that for consideration amounting to the satisfying of a judgment,

original of which is Twenty Five Hundred Dollars ($2,-500.00) to deliver to the party of the second part a deed for half interest of property located at 221 Fifth St., free from all incumbrances, except their mother's life interest.

"Party of the first part also agrees to pay the legal interest due by reason of use of property for twenty-nine months preceding May 1, 1930. Party of the first part also agrees to pay all costs due to legal action.

"It is also agreed between all parties concerned that in event the mother is satisfied that the property shall be placed in the hands of the Butler County Trust Co., for administration and that they be directed to maintain the mother's needs out of earnings of property. That they also be directed to mortgage property to make necessary repairs or in event of sickness or death to pay all necessary personal expenses of mother."

The interest and costs were paid, but as the mother was not satisfied, the property was not placed in the hands of the trust company. About a year later, the parties entered into a parol agreement by the terms of which Abram was to pay his mother $30 per month, interest to be waived as long as Abram paid rent, and the court found this arrangement in no way altered or changed the contract of February 17, 1930. The judgment was assigned, on March 1, 1933, to Urban and Minnie E. Andre, his wife. On July 13, 1934, the mother being still alive, Abram and his wife presented a petition to the court of common pleas, in which they set forth that they stood ready and willing to comply with the terms of the agreement and asked for a rule against Leroy—the original holder—Urban and Minnie E. Andre to show cause why the judgment entered in the above entitled case should not be opened and the defendants let into a defense, and for a decree directing satisfaction of said judgment in accordance with the terms of the agreement upon tender of a deed for the undivided one-half interest in the homestead prop-

erty of Philip C. Andre, deceased, free and clear of all encumbrances except the life estate. An answer was filed and before the hearing proceeded, it was agreed that the proceeding should be submitted to the court as though instituted by a bill in equity for specific performance and answer filed. At the hearing, it was stipulated that Elizabeth E. Andre would execute the deed as set forth in the petition. President Judge JOHN H. WILSON, before whom the hearing was held, made findings of fact and conclusions of law and entered a decree nisi that Abram J. and Elizabeth E. Andre execute and deliver a deed of general warranty in fee-simple to Leroy C. Andre for an undivided one-half interest in the premises involved, subject to the lien of the judgment sought to be satisfied and upon delivery of the deed, the lien of the judgment was to be limited to the premises conveyed and thereafter the plaintiffs were to be discharged from all liability on account of the judgment or the note upon which it was confessed. Exceptions filed to the decree were dismissed and a final decree entered, from which this appeal was taken.

Appellants argue that the decree should be reversed for the following reasons: (1) that the court erred in not finding that the date for the consummation of the agreement was May 1, 1930; (2) the agreement cannot be enforced because it did not contain a sufficient description of the property; (3) the agreement was signed by only one of the tenants by entirety; and (4) no tender of the deed was made except in the pleadings. We shall discuss these questions in their order.

(1) As the written agreement fixed no time for the delivery of the deed, other oral and written testimony was admissible to determine that question. In its opinion entering the decree nisi, the court said: "It is apparent from the phraseology of the contract, that both of the parties signing it and Urban C. Andre, the

brother who wrote it and procured its execution, had primarily in mind the interest and welfare of their mother, the life-tenant. It is also apparent that the exact time for delivery of deed and satisfaction of the judgment was not considered important by either of them during the lifetime of their mother, who was entitled to possession so long as she lived. In our opinion the contract is a continuing one and under its terms Abram J. Andre has the right to tender a deed in accordance with the terms of the contract and have the judgment against himself and his wife satisfied at any time during the lifetime of his mother, the life-tenant; but we are not required to determine that question, for the reason that Leroy C. Andre in letters written by him to Abram J. Andre and offered in evidence, construed the contract to be in force and effect until the Building and Loan mortgage matured in 1935." From the testimony of Abram, it appears that there was no understanding as to when the deed was to be delivered, and Leroy testified while May 1, 1930 was the date title was to be returned to him, there was no understanding that it had to be done and the agreement was allowed to stand open after May 1, 1930. In a letter which the latter wrote to Abram on December 30, 1933, demanding payment of the note, he stated: "...... This is in accordance with the understanding that we had four years ago. You stated that as quickly as your Building & Loan was retired you would be in a position to borrow enough additional to take care of my note." Again on January 5, 1934, Leroy wrote to Abram: "...... Furthermore, any agreement which was made between us was made with the understanding that final settlement was contingent on the retirement of your Building and Loan stock which should be now." Although appellants testified that the agreement referred to in the letters was the oral agreement to pay the sum of $30 per month for the support of the mother in lieu of interest, the court

was fully warranted in finding that the original agreement was alive until the final retirement of the building and loan mortgage. In making such a finding, the letters written by Leroy, even though made after the assignment of the judgment, could be interpreted by the court in fixing the time contemplated by the parties for the consummation of the agreement. Where no time is fixed for the delivery of a deed, the parties must be presumed to have intended that it should be done within a reasonable time or within such time as the parties may have contemplated when the agreement was made: *Kearney v. Hogan,* 154 Pa. 112, 25 A. 1076. There being evidence upon which the chancellor based his findings that May 1, 1930 was not the date contemplated by the parties and that in fact the time agreed upon for the delivery of the deed was the retirement of the building and loan mortgage, we cannot disturb them. The chancellor's findings, based on sufficient evidence, and confirmed by the court in banc, are entitled to the same weight as the verdict of a jury. The appellate court will not reverse in such circumstances unless there is a manifest error, which is not present in this case: *Exton v. Saddler,* 113 Pa. Superior Ct. 476, 173 A. 694.

(2) As to the second question argued, the court below said: "Defendants in their brief of argument filed with the Court in support of their exceptions for the first time in the trial of the case, raise the question of the identity of the property in suit. No question as to the identity or description of the property is raised in defendants' answer, and none of the parties testified that there was any question or doubt as to what property was meant by its description in the Agreement between Leroy C. Andre and Abram Andre dated, 'Butler, Pa., February 17, 1930,' in which Abram J. Andre and wife agreed 'to deliver to the party of the second part a deed for half interest of property located at 221 Fifth Street free from all encumbrances, except their

mother's life interest.' We take it the locus of the contract would at least prima facie fix the situs of the property described therein. Defendants, in their first request for findings of fact, identify the property as situate at 221 Fifth Street, City of Butler, and known as the homestead property of Philip Andre." The petition to open the judgment averred "that this judgment stands as a lien against the homestead property of Philip Andre, deceased, at 221 Fifth Street in the City of Butler," and was admitted in appellants' answer. The essential basis of a decree for specific performance of a contract to convey real property is a definite present agreement in regard to a specific piece of land, clearly designated as present to the minds of both parties, and to be conveyed by one to the other: *O'Connell v. Cease,* 267 Pa. 288, 110 A. 266. If the agreement contains the means by which the description can be definitely ascertained, it is sufficient: *Felty v. Calhoon,* 139 Pa. 378, 21 A. 19. In determining the location of the land in question, we must consider the entire agreement which shows that the contract was executed "at Butler, Pa.," from which we are justified in assuming that the land intended to be conveyed was located in that city. As to the identity of the particular property, the agreement contemplates a deed by Abram of a half interest in property located at 221 Fifth Street, free and clear of all encumbrances except their mother's life interest. The land is not only identified by street and number, but is further identified as being the property of Abram J. Andre at that location, and also the same property in which the mother of both parties had a life interest. As we read the agreement, it clearly identifies the subject matter and furnishes sufficient means of making clear the land to be conveyed: *Henry v. Black,* 210 Pa. 245, 59 A. 1070; *Larson v. Koster,* 315 Pa. 56, 172 A. 99. As was said by Chief Justice KEPHART, in *Shaw v. Cornman,* 271 Pa. 260, 114 A. 632, where the property

was described as 1130 Fourteenth Avenue, Altoona, Pa.: "The language is not so abstract but that, with a minimum of external evidence, the land could be found without the possibility of contradiction or uncertainty, and to the exclusion of all other properties. The writings, of and within themselves, furnish means of identification." See also *McDermott v. Reiter,* 279 Pa. 545, 124 A. 187.

(3) We are unable to find that this point was raised at the trial, nor was any exception taken to the adjudication and decree of the court below upon this ground, and hence it cannot be considered on this appeal. Objections which might have been raised in the trial court but were not, on appeal will be treated as having been waived: *Allegheny Gas Co. v. Kemp,* 316 Pa. 97, 101, 174 A. 289. But we need not rest on that ground as the record shows sufficient ratification of the agreement to make it enforceable. The original petition on behalf of Abram and his wife, which was allowed to stand as plaintiffs' bill, offered and tendered to Leroy or Urban and Minnie E. Andre, his assignees, a deed as set forth in the agreement, and at the trial, counsel for the wife stipulated on the record that she would execute the deed as set forth in the petition, to which no objection was made. We are persuaded that such acts, during the life of the agreement, constituted sufficient ratification to comply with the statute of frauds.

(4) Paragraph VII of the petition avers, "Your petitioners ...... now offer and tender to Leroy C. Andre or Urban A. Andre and Minnie E. Andre, his assignees, a deed" as set forth in the agreement; to which the following reply was made: "The tender set forth in paragraph VII of the petition is not in accordance with the agreement set forth in the petition as exhibit 'A' as Urban A. Andre and Minnie E. Andre are not a party to said agreement and that Roy C.

Andre has not power or authority to satisfy or cause to be satisfied the judgment against the petitioners." No question was raised by the answer or at the trial, nor by exceptions to the adjudication of the court below that a tender had not been made prior to the presentation of the petition, but solely that the tender was not made in accordance with the agreement. Whatever right the assignees acquired—one of whom had actual knowledge of the agreement—was subject to any agreement existing between the plaintiff and the defendant in the judgment. The case was tried and disposed of on the principal question whether the time for delivery of the deed was May 1, 1930, and any objection, which may have been made that an actual tender of the deed was required before suit was brought, must be regarded as having been waived.

Appellants further argue, for the first time on this appeal—and not raised in the statement of questions involved—that we should apply the principles applicable to an accord and satisfaction. Without entering into an elaborate discussion, our opinion is that these principles are not applicable. An accord and satisfaction is a good plea by a debtor to the action of his creditors; whereas, this is a proceeding by the debtor against the creditor.

Decree affirmed.