## Grover v. Lahr et ux.

*Gawthrop & Gawthrop,* for plaintiff.
*Samuel Lichtenfeld,* for defendants.

HARVEY, J., December 19, 1955.—Defendants have filed preliminary objection by way of demurrer to this complaint in equity for a decree of specific performance of defendants' written contract to mortgage certain real estate. The reason assigned in support of the

demurrer is that the complaint fails to set forth a cause of action in equity.

"Damages are regarded as an inadequate remedy for the breach of a promise (a) to transfer any interest in specific land, . . . and specific enforcement will be decreed, . . .": A. L. I. Restatement of the Law of Contracts, vol. 2, §360. It is almost "horn-book law" (see Bispham's Principles of Equity) well rooted in the law of this Commonwealth, that bills of equity for specific performance of contracts to convey real estate are proper subjects of equitable jurisdiction and, of course, there can be no difference in the application of the doctrine where the conveyance of the legal title is absolute and where it is a conditional or defeasible estate as a pledge for the security of a debt.

In Larson et ux. v. Koster et al., 315 Pa. 56, it was held that equity will decree specific performance of an agreement to place a mortgage upon real estate, where such agreement is incidental to a contract for exchange of the real estate which is the subject of the mortgage.

The case at bar, as the Larson case, is not one based on a breach of mere contract "to lend or borrow money or to place a mortgage". As said in the Larson case, "this is not a mere contract to mortgage in the absence of special circumstances". Here the obligation to mortgage is an incident to the loan of moneys to improve the land which was the subject of the contract. See, also, Gialanella v. Ferris, 52 Lack. Jur. 93.

And now, December 19, 1955, preliminary objection overruled. Defendants will answer over within 20 days from the date hereof.