## Helmer Estate

Before Klein, P. J., Bolger, Lefever and Saylor, JJ.

*Wolf, Block, Schorr & Solis-Cohen*, for petitioner.

*Glenn A. Troutman.* for respondents.

SAYLOR, J., May 3, 1957.—Petitioner, Cotton Associates, Inc., assignee of an option to repurchase real estate sold by its assignor, seeks a decree for specific performance by respondents, the administrator c. t. a. and the two residuary devisees and legatees under decedent's will. Respondents admit that the contract between decedent and his grantors contained an option to repurchase but aver that on the date of notification of its exercise the option was of no legal force or effect.

Petitioner is properly before us. Section 301(9) of the Orphans' Court Act of August 10, 1951, P. L. 1163, 20 PS §2080.301(9) gives the orphans' court exclusive jurisdiction over any agreement made by a decedent to purchase or sell real or personal property. Section 620(a) of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.620(a), empowers this court to order

specific performance of a decedent's agreement if it would have been enforced specifically had decedent not died.

The option is contained in a written agreement made on February 25, 1946, when decedent settled for the purchase of the premises in question under an agreement of sale dated December 14, 1945.

The option terms are as follows:

"Helmer hereby grants an absolute and irrevocable option unto Sheppard Mill to repurchase the property hereinbefore described at any time after the expiration of ten (10) years from the date hereof or within five (5) years from the date of death of said Helmer, whichever shall first occur, under the following terms and conditions. . . ."

There follow provisions which fix the purchase price at $10,000 plus the cost of major improvements made by Helmer, less depreciation, prescribe the method of exercising the option, make it binding on Helmer's heirs, personal representatives and assigns and direct the recording of the option.

Decedent died October 10, 1954. Letters of Administration c. t. a. were granted by the register of wills on October 18, 1954. On October 1, 1956, notice of the exercise of the option was given by Cotton Associates, Inc., assignee of the optionees, and request was made for a statement as to major improvements and the depreciation thereon. Respondents admit receipt of such notice but deny the existence of any right in petitioner because it did not attempt to exercise the option within the period of 10 years from its date, namely, prior to February 25, 1956. Respondents also aver "that the option agreement is so vague and indefinite as not to be legally enforceable and violates the Rule against Perpetuities".

In argument on petitions and answer petitioner contended that the first "event" to occur was the death of

decedent and that it had the right to exercise the option within five years of the date thereof. Petitioner also contends that it could not by its terms exercise the option *during* the 10-year period but only within a reasonable time after its expiration.

A careful study of the option agreement shows that its language is ambiguous and most difficult to interpret.

An action for specific performance is a proceeding in equity involving something more than a mere matter of right. A court of equity will not enforce a contract unless it is complete and certain in all its material elements: Hoffman's Appeal, 319 Pa. 1 (1935). There specific performance was denied upon a finding that the contract was vague and uncertain. The court said, page 5:

"In O'Connell v. Cease et al., 267 Pa. 288, 110 A. 266, this court held: 'Equity will not decree the specific performance of a contract unless its terms are clear and capable of ascertainment from the instrument itself', citing Hammer v. McEldowney, 46 Pa. 334, and Reilly v. Gautschie, 174 Pa. 80, 34 A. 576. This court there said: 'The essential basis of a decree for specific performance of a contract to convey real property is a definite present agreement in regard to a specific piece of land, clearly designated as present to the minds of both parties, and to be conveyed by one to the other. . . . It is not the function of a court of equity to make a contract for the parties nor to supply any material stipulation thereof': Albright v. Albright, 228 Pa. 552, 77 A. 896. See also 25 R. C. L., page 218, section 17."

The granting of specific performance is a matter of grace, not of right. Moreover, a petitioner must show that he has not been guilty of laches or unreasonable delay. Where the proof leaves the case doubtful he is not entitled to a decree: Kutz's Estate, 259 Pa. 548

(1918) ; Levy's Estate, 273 Pa. 148 (1922), and Stewart's Estate, 278 Pa. 318 (1924).

Petitioner has given an interpretation of the option terms completely at variance with that reached by respondents. On the mere record of petition and answer the court is not prepared to reach a conclusion as to the equities between the parties. All of the facts and circumstances attendant upon the granting and the alleged exercise of the option must be before the court.

An ambiguous contract should be interpreted in the light of the surrounding circumstances. It must be construed with reference to the intention of the parties at the time it was made: Mowry v. McWherter, 365 Pa. 232 (1950). The agreement before us not being clear, unambiguous and certain it is a matter of discretion in this court whether to exercise its equity power to grant specific performance: Duc v. Struckus, 345 Pa. 65 (1942).

It would be inequitable to decree performance with the record in its present state. We cannot enter a decree where the chancellor's conscience does not approve the transaction. See Ewing's Estate, 41 D. & C. 44 (1941), where the late Justice Ladner, while a member of this court, held that the admitted averments concerning a parol contract were too meager to enable the court to determine the question whether the transaction upon which the petition was based was fair and conscionable.

Accordingly, the petition and answer are referred for hearing to the judge of this court to whom will be assigned the account of respondents as the administrator and beneficiaries of the estate of the owner of the premises concerned.

Not less than 10 days' notice of such hearing will be given by the accountant to all parties in interest in that proceeding and in the estate of decedent, including beneficiaries and creditors, if any, and the lessee

of the premises which are the subject of this proceeding.

Accordingly, we enter the following

### Decree

And now, May 3, 1957, it is ordered and decreed that G. Davis Greene, administrator c. t. a. of the Estate of David T. Helmer, deceased, file an account of his administration within 90 days and, further, that the petition of Cotton Associates, Inc., for specific performance of decedent's agreement, together with the answer thereto, be referred for hearing to the judge who audits the account for his consideration and action. Notice of such audit and hearing shall be given to the parties in interest in the estate, to any lessee of the premises concerned and to petitioner, Cotton Associates, Inc.