## Watson et al. *versus* Wetter et al.

Included in a promissory note were the following words, "If not paid at maturity waiving inquisition, appeals, &c." *Held*, that the maker was thereby precluded from an appeal from an award of arbitrators and a compulsory rule of reference.

October 20th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas of *Clarion county :* Of October and November Term 1879, No. 69.

Assumpsit by H. Wetter, to use of W. C. Howe, against J. B. Watson and C. C. Brosius, on the following promissory note :

"$1875.				Clarion, Pa., June 18th 1877.

Six months after date we promise to pay to the order of H. Wetter $1875, at the First National Bank of Clarion, Pa., without defalcation for value received. If not paid at maturity waiving exemption, inquisition appeals, without stay of execution, and with five per cent. attorney's commission for collection.

fl 7393.						J. B. WATSON,
    Due December 18/21.				C. C. BROSIUS."
10 NORRIS—25

[Watson *v.* Wetter.]

On the 2d of August 1878, the plaintiff's attorneys entered a compulsory rule of reference under the Act of 16th June 1836, and on the 10th of September 1878, the arbitrators filed their award, awarding to the plaintiff $2054.35, from which award the defendants took an appeal. On the 11th of November 1878, plaintiff moved the court to strike off and quash the appeal from the award of arbitrators, for the reason that "the right of appeal was waived by defendants in note on which award was made, a copy of said note being filed along with declaration, according to rule of court, which has not been controverted by affidavit."

The court, Jenks, P. J., granted a rule to show cause, and after argument struck off the appeal, which was the error assigned by defendants, who took this writ.

*Knox & Moffett* and *Wilson & Jenks*, for plaintiffs in error.— There was no arrangement or stipulation by which the parties agreed to make the award of arbitrators final and conclusive. A party is not held to waive a standing right except by the most clear and unequivocal language, and it must not rest upon inference or conjecture: McLain *v.* Boyer, 3 Norris 417; O'Nail *v.* Craig, 6 P. F. Smith 161; Delaware and Hudson Canal Co. *v.* Loftus, 21 Id. 418; Houck *v.* Foley, 2 P. & W. 245; Gault *v.* Neal, 6 Phila. 61; Bank of Pennsylvania's Estate, 20 P. F. Smith 471.

*James Campbell* and *William L. Corbett*, for defendant in error.—The right to appeal may be waived in the submission to referees, and will be enforced by the courts: Bingham's Trustees *v.* Guthrie, 7 Harris 423; Rogers et al., Executors of Thompson, *v.* Playford, 2 Jones 181–185; Messina *v.* Hertzog, 5 Binn. 387; Andrews *v.* Lee, 3 P. & W. 99; Galbraith et al. *v.* Colt, 4 Yeates 551; Baring *v.* Shippen, 2 Binn. 189.

The judgment of the Supreme Court was entered November 3d 1879,

PER CURIAM.—The words contained in the note sued on, "if not paid at maturity, waiving exemption appeals without stay of execution," must have some meaning; they cannot be rejected as insensible. They evidently looked forward to legal proceedings on the note "if not paid at maturity." One of these proceedings would be a claim for exemption, and another an inquisition to condemn real estate. What then did "appeals" mean? Evidently it could only mean appeals from an award of arbitration. Compulsory arbitration is so ordinary a step in the collection of debts, that it is plain the parties must have meant to agree that there should be no appeal from an award if one was made in the progress of the proceeding. We think that the agreement is clear and express within all the cases. The court below were therefore right in striking off the appeal.          Order affirmed.