## Roberts v. Stuart, Appellant.

*Appeals—Waiver of appeal—Lease—Amicable action of ejectment.*
No appeal lies from an order of the court of common pleas refusing to open a judgment entered in an amicable action of ejectment under a warrant in a lease, where the lessee in the lease agrees that "no writ of error or objection or exception shall be made or taken" to such entry of judgment.

Argued Oct. 23, 1912. Appeal, No. 138, Oct. T., 1912, by defendant, from order of C. P. No. 2, Phila. Co.,

March T., 1912, No. 4,682, discharging rule to open judgment in case of John Roberts v. Robert O. P. Stuart. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.    Appeal quashed.

Motion to quash appeal.

*Error assigned* was the order of the court discharging rule to open judgment.

*James S. Williams*, for appellant.

*Charles H. Edmunds*, with him *Julius B. Price, Jr.*, for appellee.

OPINION BY PORTER, J., February 27, 1913:

The defendant appeals from the order of the court of common pleas discharging his rule to show cause why judgment entered in an amicable action of ejectment, under a warrant in a lease, should not be opened. The plaintiff moves to quash the appeal upon the ground that the defendant had by the covenants of the lease waived the right to have any judgment entered under the warrant of attorney reviewed by an appellate court. The lease containing the warrant provided that upon default in the payment of rent, or if the lessee should underlet or otherwise use the premises than as in the lease expressed, or fail to comply with the conditions of the lease; "any attorney may immediately thereafter, as attorney for the said lessee, at the sole request of the said lessor, sign an agreement for entering in any competent court, an amicable action and judgment in ejectment (without any stay of execution or appeal) against the said lessee and all persons claiming under said lessee for the recovery by the said lessor of possession of the hereby demised premises, without any liability on the part of the said attorney, for which this shall be a sufficient warrant, and thereupon a writ of habere facias possessionem may

issue forthwith without any prior writ or proceedings whatsoever, and the said lessee hereby releases to the said lessor all errors and defects whatsoever in entering such action or judgment, or causing such writ of habere facias possessionem to be issued, or in any proceeding thereon, or concerning the same; and hereby agree that no writ of error or objection or exception shall be made or taken thereto." There was filed in the amicable action the statement of the plaintiff, verified by affidavit, that the defendant had violated the provisions of the lease by subletting the second floor of the premises, and the confession of judgment was in the precise terms authorized by the warrant. That a party may waive the right to have a judgment entered under a warrant of attorney, contained in a lease, reviewed by an appellate court is well settled: Watson v. Wetter, 91 Pa. 385; Seagrave v. Lacy, 28 Pa. Superior Ct. 586. This case is ruled by Groll v. Gegenheimer, 147 Pa. 162, in which the language contained in the warrant of attorney was precisely similar to that used in the present case, and it was there held that the appeal must be quashed.

The appeal is quashed.