## Consumers Mining Company *v.* Chatak, Appellant.

*Leases—Judgments—Confessions—Entry—Appeal—Waiver.*

A provision in a lease that "all errors and defects in such judgment and in the proceeding thereon are hereby waived, as well as all stay and exemption laws now or hereafter in force, and no writ

of error, objection or exception shall be taken thereto," waives the right of appeal which the lessee would otherwise have had.

Parties to a controversy have a right to select the forum in which to settle their differences, and a party may waive the right to have the regularity of a judgment, entered under a warrant of attorney contained in a lease, reviewed by an appellate court.

The failure of the lessor to have a summons issued in an amicable action of ejectment is at most a procedural error and is included in such waiver.

Argued October 26, 1927. Appeal No. 535, April T., 1928, by defendant from judgment of C. P. Allegheny County, October T., 1927, No. 1126, in the case of Consumers Mining Company v. Smaile Chatak. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Appeal dismissed.

Petition for rule to strike off judgment. Before MOORE, J.

The facts are stated in the opinion of the Superior Court.

The Court refused to grant the rule.

*Error assigned* was the decree of the Court.

*O. K. Eaton,* and with him *W. H. Coleman,* for appellant.

*R. G. Bostwick,* and with him *C. M. Thorp, Jr.,* of *Thorp, Bostwick, Stewart & Reed,* for appellee.

OPINION BY CUNNINGHAM, J., November 21, 1927:

On March 9, 1925, Smaile Chatak, appellant herein and defendant in the court below, was in the employ of the Consumers Mining Company, the appellee. On that date the parties executed as lessee and lessor respectively a lease for a house and lot owned by appellee and this appeal is from an order of the Court of Common Pleas of Allegheny County refusing to grant a rule to show cause why a judgment entered in

an amicable action of ejectment, under authority alleged to be contained in the lease, should not be stricken off. The lease was from month to month and contained the following provisions material to the questions involved under this appeal: "If the lessee, who is now an employe of the lessor, shall quit or be discharged from such employment, the lease shall thereupon immediately terminate. Upon any termination of the lease, the lessee shall remove from and surrender possession of the premises to the lessor within five days thereafter, without notice of any kind, the lessee hereby waiving any and all notice required by law or otherwise. Upon the termination of the lease, ...... the lessor may commence an action of ejectment for the premises, and any attorney of the court in which such action is commenced may appear for the lessee, and for any person or persons in possession under him, accept service of the writ, and forthwith confess judgment in ejectment in such action against the lessee, or the person or persons claiming under him, for said premises, ...... for which this shall be his warrant; upon which judgment a writ or writs may at once issue to restore possession of the premises to the lessor and for the collection of the unpaid rent and all costs. And all errors and defects in such judgment and in the proceeding thereon are hereby waived, as well as all stay and exemption laws now or hereafter in force, and no writ of error, objection or exception shall be taken thereto."

On July 13, 1927, appellee notified appellant that he was "no longer an employe of the company" and demanded possession of the premises within five days. Compliance with this demand having been refused by appellant, an amicable action in ejectment was entered against him August 10, 1927, in the court below at No. 1126, October T., 1927. No writ was issued but a declaration of the cause of action, verified by affidavit,

was filed by counsel for appellee setting forth the possession of appellant under the lease as an employe of appellee, the notice of his discharge, the demand for possession and appellant's refusal to surrender the same, and averring that the right of possession of the premises is in appellee but appellant "unlawfully and unjustly retains possession thereof." To this declaration were attached as exhibits copies of the lease and of the notice. On the same day the action was entered an attorney of the court in which it had been commenced, acting upon this occasion for appellant, appeared and confessed judgment in ejectment in the following terms: "By virtue of the warrant of attorney contained in a certain lease made and executed by and between the Consumers Mining Company, the plaintiff in the above entitled action of ejectment, and Smaile Chatak, the defendant in said action of ejectment, a copy of which is attached to the declaration in said action and marked Exhibit 'A,' I do hereby appear for the defendant, Smaile Chatak, accept service of the writ, and confess judgment in ejectment in favor of the Consumers Mining Company, the plaintiff, and against the said Smaile Chatak, the defendant, for the premises described in the said lease, to wit, house and lot No. 286 Guys Run Road, Harmarville, Harmar Township, Allegheny County, Pennsylvania, without any stay of execution, or writ of error, or objection or exception, and with a waiver of all errors and defects in such judgment and the proceedings thereon." A writ of *hab. fa.* was then issued but before its execution appellant, by his counsel, appeared generally to contest the regularity and validity of the judgment on its merits and filed a petition for a rule to show cause why it should not be stricken off. A number of reasons were set forth in support of the averment that the judgment and execution thereon were irregular and illegal, but the fact that no writ

had actually been issued is not specifically set up in the petition as one of the irregularities relied upon by appellant. There is a general averment that "In the absence of pleadings complying with the various acts of assemly of the Commonwealth of Pennsylvania, relating to proceedings in ejectment the judgment is irregular and void"; but no specific complaint is made of the absence of a writ. No issues of fact were raised in the court below and, after argument, that court made an order refusing the prayer of the petition and this appeal followed. As already indicated, several grounds were urged in the court below for the striking off of the judgment, among others that the notice of discharge was not sufficient and that the lessee was entitled to thirty days' notice to quit, etc., but these reasons were abandoned upon the appeal and the only irregularity urged in this court, as requiring the striking off of the judgment, was the manner in which the action was commenced and particularly the failure of appellee to have a summons actually issued. Prior to the argument in this court appellee filed a motion to dismiss the appeal upon the ground that the appellant "has in his lease waived his right to an appeal." We directed that argument be had upon this motion along with the argument on the merits. From Pritchard v. Denton, 8 Watts 371, to Curry v. Bacharach Quality Shops, Inc., App., 271 Pa. 364, it has been consistently held by our appellate courts that parties to a controversy have the right to select the forum in which to settle their differences and that a party may waive the right to have a judgment entered under a warrant of attorney contained in a lease reviewed by an appellate court. In Groll et al. v. Gegenheimer, App., 147 Pa. 162, the lease provided for an amicable action and confession of judgment in ejectment and, with respect to the proceedings authorized, provided further that the lessee agreed that "no writ of error

or objection or exception shall be made or taken thereto"; in Seagrave v. Lacy, App., 28 Pa. Superior Ct. 586, the language of the lease was "hereby agrees that no writ of error or objection or exception shall be made or taken thereto"; in Roberts v. Stuart, App., 52 Pa. Superior Ct. 253, it was the same. These were all cases in which the lessees attempted to appeal from the refusal of the lower courts to open the respective judgments entered under the warrants of attorney contained in the leases and in each case the appeal was quashed. By the express terms of this lease the present appellant—after agreeing that upon the termination of the lease the appellee might commence an action of ejectment and that any attorney of the court in which it was entered might appear for appellant, accept service of the writ and forthwith confess judgment in ejectment for the premises—further agreed that "all errors and defects in such judgment and in the proceeding thereon are hereby waived, as well as all stay and exemption laws now or hereafter in force, and no writ of error, objection or exception shall be taken thereto." These waivers were carried over into the judgment as confessed and the language of the waiver here cannot be distinguished from that used in the cases above cited. It is urged, however, by the learned counsel for appellant that these authorities are not applicable to the case at bar because the waiver in this lease does not contain the word "appeal" and because the proceeding here is to strike off the judgment, whereas in the cases to which we have referred the attempted appeals were from orders refusing to open the respective judgments. It is further contended that prior to the approval of the Act of May 9, 1889, P. L. 158, under which writs of error and certiorari as well as appeals proper are all designated "appeals," the proper method of reviewing the action of the court below in

this case would have been by certiorari.  An effort is made to draw a distinction between applications to open and those to strike off judgments in so far as appellate proceedings are concerned.  That an application to open a judgment is an equitable proceeding involving judicial discretion and the action of the court thereon formerly reviewable by writ of error is conceded, but it is contended that an application to strike off a judgment is not an equitable proceeding and that its refusal was reviewable by certiorari.  No applicable authorities are cited in support of these propositions and we cannot assent to them.  On the contrary, it was held in Hutchinson et al. v. Ledlie et al., 36 Pa. 112, decided in 1859, that the question of the authority of the court below to set aside a judgment entered on a warrant of attorney, or to modify it, was a question "for a writ of error, for it is directly raised by the record" etc.  Again, in Clarion, M. & P. R. Co. v. Hamilton, 127 Pa. 1, it was held that a void judgment is no judgment at all and the person affected by it has a right to have it stricken from the record and to a writ of error to the refusal of such an order.  See also Post v. Wallace, 110 Pa. 121.

We are of opinion that when appellant agreed in the lease that no writ of error, objection or exception "shall be taken" to the judgment which he authorized to be confessed he waived the right, which he would otherwise have had, to take this appeal.  The further contention of his counsel "that the right of appeal must always be reciprocal, and in order to make the waiver valid both parties must specifically and clearly waive the right" is not sound.  "A waiver, though not an estoppel, is said to belong to that family, and has many of its elements.  It is the abandonment or relinquishment of a known right ...... By such covenant he [the lessee] estops himself from asserting his pre-existing right to the contrary": Curry v. Bach-

arach Quality Shops, Inc., supra, p. 373. Appellant, under the provisions of the Act of May 20, 1891, P. L. 101, would have had, in the absence of the provision of the lease now under consideration, a statutory right to appeal but he also had power to, and in our opinion did, waive that statutory right. Although we have reached the conclusion that this appeal should be dismissed we have carefully considered this case on its merits. In an opinion this day filed in the case of Pittsburgh Terminal Coal Corporation v. Robert Potts, App., No. 75, April T., 1928, of this court, we have pointed out with considerable particularity that the validity of judgments confessed in amicable actions does not depend upon conformity in such proceedings with the provisions of any act of assembly; that such actions and judgments are not statutory but were well known at common law; and that the only thing fundamentally essential is that the defendant shall have agreed that the action shall be amicable, as distinguished from an adverse proceeding, and that he will confess, or authorize his attorney to confess for him, such judgment therein as the plaintiff would have been entitled to recover in the event of the successful termination of similar adverse proceedings. We also held that just how the action should be commenced and entered in the court having jurisdiction and whether a writ should actually be issued, or merely assumed to have been issued, are immaterial matters of procedure if the defendant has clearly agreed to the above mentioned essentials and the cause of action appears with reasonable certainty. It was also held that the irregularities complained of in that case related only to the manner in which the authority conferred under the lease had been exercised and that a lack of authority to confess the judgment had not been shown. There is a similar waiver of errors and defects in the judgment authorized to be confessed in this case and in the

proceedings thereon. The authority for the confession of this judgment is found in the lease; the breach of appellant's covenants is set forth in the declaration filed and, in the opinion of a majority of the members of this court, the omission to have a writ actually issued is, at most, the kind of a procedural error which appellant waived.

The motion to dismiss the appeal is granted and the appeal is dismissed at the costs of appellant.

PORTER, P. J., dissents.