Casnoff et ux. *v.* Geddes, Appellant.

Argued March 11, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Harry J. Gerber,* for appellant.

*Edward I. Weisberg,* with him *David N. Feldman,* for appellees.

PER CURIAM, March 19, 1947:

Plaintiffs entered a judgment in ejectment against defendant upon a confession contained in a written lease. The court below refused to open or strike off the judgment. Defendant has appealed.

There was no lack of authority on the part of plaintiffs to proceed in entering judgment, and appellant's assertion that plaintiffs entered the amicable action in ejectment without a proper certificate of eviction issued out of the Office of Price Administration, if material, is without merit. The Office of Price Administration granted plaintiffs a certificate to institute proceedings after September 21, 1946. On September 23, 1946, judg-

ment in ejectment was entered against appellant and writ of habere facias possessionem issued. The lease, which was the basis of the judgment in confession, signed by appellant, contained the following: "Lessee expressly agrees that any judgment, order or decree entered against him by or in any Court or Magistrate by virtue of the powers of attorney contained in this lease, or otherwise, shall be final, and that he will not take an appeal, certiorari, writ of error, exception or objection to the same, or file a motion or rule to strike off or open or to stay execution of the same, and releases to Lessor and to any and all attorneys who may appear for Lessee all errors in the said proceedings, and all liability therefor."

In *Consumers Mining Company v. Chatak,* 92 Pa. Superior Ct. 17, at page 21, we said that: ". . . it has been consistently held by our appellate courts that parties to a controversy have the right to select the forum in which to settle their differences and that a party may waive the right to have a judgment entered under a warrant of attorney contained in a lease reviewed by an appellate court." See, also, *Curry v. Bacharach Quality Shops, Inc.,* 271 Pa. 364, 372, 117 A. 435; *Roberts v. Stuart,* 52 Pa. Superior Ct. 253.

Appeal is dismissed, at the cost of appellant.