Schwartz *v.* Goldin, Appellant.

Argued April 29, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*James J. Regan, Jr.,* for appellant.

*Alfred I. Ginsburg,* with him *Irving R. Shull,* for appellee.

PER CURIAM, May 15, 1947:

Plaintiff sought to evict defendant from a property owned by plaintiff. In an action in ejectment judgment was entered against defendant by virtue of the authority contained in a written lease. Defendant presented to the court below a petition to strike off the judgment; a rule was issued thereon. The court below discharged the rule, and defendant has appealed.

The lease providing for an amicable action in ejectment contained the following provision: ". . . all of which proceedings shall be without right to the party defendant to have an appeal, certiorari, writ of error, exception, motion or rule to open judgment, or set aside execution."

The right to have a judgment entered under warrant of attorney contained in a lease reviewed by an appellate court may be waived. *Casnoff et ux. v. Geddes,* 160 Pa. Superior Ct. 456, 51 A. 2d 526.

The tenancy began January 1, 1944, and the lease provided for a term of six months, or until June 30, 1944, with an "additional term of two months and so on from sixty days to sixty days until terminated by either party giving to the other sixty (60) days' written notice of intention to terminate said lease at the expiration of the then current term."

The notice of termination demanded possession "on or before December 31, 1946."

Appellant contends that his "then current term" expired not on December 31, 1946, but either on December 19, 1946, or February 17, 1947; that appellee, having elected to terminate the lease on December 31, 1946, in the midst of a term, was powerless to enter judgment upon such notice of termination, and could not enter judgment against appellant while the term was running.

Under appellant's interpretation—that the renewal terms were for sixty days and not on a calendar month basis—the notice of termination was valid and in conformity with the lease. The notice of termination was given more than sixty days prior to December 31, 1946, and also more than sixty days prior to December 19, 1946. The notice was dated September 11, 1946, and receipt of it was personally acknowledged by appellant on September 12, 1946. Possession was demanded "on or before December 31, 1946." This was in accordance with the terms of the lease, and the notice was sufficient under any interpretation.

Rule to strike off a judgment is in the nature of a demurrer to the record, and is not affected by matters dehors the record except in so far as defendant may have put himself in a position to be estopped from making the objection. *Rome Sales and Service Station v. Finch,* 120 Pa. Superior Ct. 402, 404, 183 A. 54. The court below, in its opinion discharging the rule, stated: "We find nothing in the record that would justify us in striking off the judgment." With this we agree. But we may add that appellant, under his own interpretation of the lease, knew when the current term expired following the receipt of notice, and could not have been misled. Moreover, in the statement filed by the parties, under rule No. 56 of this court, appears the following: "Since the inception of the lease, which appears as part of this record, the defendant has been paying his rent on a calendar monthly basis."

The waiver of the right to appeal, as contained in this lease, is effective to prevent trivial objections. See *Cohen v. Brister et ux.,* 160 Pa. Superior Ct. 454, 51 A. 2d 514; *Casnoff et ux. v. Geddes,* supra, 160 Pa. Superior Ct. 456, 51 A. 2d 526.

The appeal is dismissed, at the cost of appellant.