Grezwich et ux. *v.* Green et ux., Appellants, et al.

140

Argued October 15, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Joseph Rappaport,* for appellants.

*Martin J. Vigderman,* with him *Freedman, Landy & Lorry,* for appellees.

PER CURIAM, January 8, 1948:

In this case the appealed from orders refusing to open and to strike off a judgment are affirmed on the following excerpts from the opinion of the court below:

"The plaintiffs, Joseph Grezwick and Willie Mae Grezwick, husband and wife sued in trespass, for injuries sustained by the wife plaintiff as the result of a laceration to her left thumb incurred while she was a patron at the restaurant operated by the Greens in opening a bottle of milk which had been sold to the Greens by the defendant milk company.

"The summons in trespass was issued December 11, 1945, returnable the 4th Monday of December, 1945.

"The sheriff's return shows that the Greens were served with the writ on December 17, 1945, and the Cooklyn Milk Company was served on December 20, 1945.

"On December 21, 1945, Louis Marcus, Esquire, filed his appearance for William Kodroff, Henry Kodroff and Barnett Cooklyn, individually and trading as Cooklyn Milk Company.

"No entry of appearance was filed by defendants Simon Green and Lena Green, and on February 21, 1946, an affidavit of non-military service having been filed, judgment for want of an appearance was entered against Simon Green and Lena Green, individually and trading as Si Green's Cafeterias.

"On March 14, 1946, a Writ of Inquiry to assess damages was filed on behalf of the plaintiffs. The defendants were served with this writ at their place of business on March 14, 1946, as appears from the sheriff's return. Damages were assessed by the sheriff's jury on March 29, 1946, in the amount of $350 for wife plaintiff and $100 for the husband plaintiff.

"On May 18, 1946, a writ of Fieri Facias was issued and on May 31, 1946, the defendants Simon Green and Lena Green filed a rule to open the judgment. On June 15, 1946, the plaintiffs filed an answer to the defendants' petition and depositions were taken and filed. On December 5, 1946, the defendants' rule to open judgment was discharged in an order entered by Bonnelly, J.

"The defendants filed exceptions and requested an oral argument. After oral argument was held before Judges Bonnelly, Bonniwell and Tumolillo, the order discharging the defendants' rule to open the judgment was affirmed and the rule to open judgment was dismissed.

"On February 6, 1947, the defendants filed a rule to strike off the judgment which was discharged on February 28, 1947, in an order by Tumolillo, J.

"The defendants have taken an appeal to the Superior Court from both the order discharging the rule to open the judgment entered by Bonnelly, J., and the order discharging the rule to strike entered by Tumolillo, J. In view of this rather unusual situation it was decided to file one opinion dealing with both questions.

"With reference to the rule to open judgment the defendants' petition averred that upon being served with the summons, the defendant Simon Green communicated with the other defendant, the Cooklyn Milk Company, and was assured by Israel Kodroff, one of the owners, that they would defend the suit, whereupon he forwarded the summons and statement of claim to said other defendant; that thereafter without knowledge of the Greens an appearance was entered only for the Cooklyn Milk Company; and that the petitioners have a complete defense to the plaintiffs' claim.

"An answer was filed to this petition averring that the Greens had knowledge that an appearance was entered for the Cooklyn Milk Company only, prior to the entry of the judgment and that plaintiffs' counsel by a letter dated January 25, 1946, notified the Greens that

no appearance had been entered for them and that unless the Greens acted within five days further action would be taken.

"The answer also averred that the petitioners had knowledge of the assessment of damages by the Sheriff's Jury since they were served with the Writ of Inquiry on March 14, 1946, notifying them that damages would be assessed March 29, 1946.

"Depositions were then taken. . . . The depositions do not support the allegations of the defendants' petition. It is clear that they had notice of the claims against them but wilfully neglected to take action from December 17, 1945, when the summons was served upon them until a levy was made upon them late in May, 1946. Counsel for the plaintiffs exercised considerable forbearance and did not enter judgment until February 21, 1946, after giving the defendants ample notice. The testimony of Mr. Kodroff offered by the defendants makes it clear that the defendants' allegation that the Cooklyn Milk Company had promised to defend the suit and that Simon Green believed that he was only being summoned as a witness, is simply untrue.

"We are satisfied that the defendants were guilty of gross neglect and inexcusable delay to the prejudice of the plaintiffs' right and hence the rule to open judgment was properly discharged.

"After discharge of the rule to open judgment and after the defendants' request for oral argument was granted and discharge of the rule to open was sustained, the defendants entered a rule to strike off the judgment on the ground that the judgment was improperly entered and that the docket shows no service of the statement of claim.

"The defendants' allegation that the judgment was improperly entered is based on the fact that service of the summons was made on December 17, 1945, less than ten days before the return day which was December 24,

1945, and judgment was not entered in the December Term but was entered the following February.

"Section 34 of the Act of June 13, 1836, [P. L. 568] (12 PS 733) provides:

" 'In case such writ shall not be served ten days before the return day thereof, if the defendant therein shall not appear in ten days after the day of service, it shall be lawful for the plaintiff, having filed his declaration, to take judgment thereon at any subsequent day in term time, for default of appearance, according to the rules established by the court to regulate the practise in this respect.'

"We cannot agree with the contention that this requires the judgment to be entered in the same term. The object of this section is to assure the defendant at least ten days' notice and 'in term time' means at a time when the court is in session, so that redress can be had, if necessary, under equitable principles, whether in the same term of court or one following. The delay in entering judgment certainly did not prejudice the defendants but was simply a voluntary forbearance on the part of plaintiffs' attorney.

"In any event when the defendants with the record before them moved to open the judgment before moving to strike it off, they must be held to have waived all mere formal defects in the writ, and the manner of service and to have submitted to the jurisdiction of the court: Aubel v. Noe, 72 Pa. Superior 215; Work v. Adams, 72 Pa. Superior 262.

"The statement of claim having been filed, it need not be shown that it was served, as a prerequisite to obtaining judgment for want of an appearance: Smith v. Bergdoll, 104 Pa. Superior 49. However, defendants' petition to open judgment states that the defendant Simon Green was served with the summons and sometime later with the statement of claim.

"At the argument on the rule to strike off the judgment the defendants also attempted to show that the

statement of claim does not state a good cause of action although this ground was not set forth in their petition supporting the rule to strike.

"There is no merit in this contention. . . . If the statement contains averments of fact necessary to sustain the action the rule to strike off must be dismissed, even if they are not well pleaded: Redington Hotel v. Guffey, 148 Pa. Superior [502] 503; Prosewicz v. Gorski, 151 Pa. Superior 309.

"The defendants' rule to strike off the judgment is discharged."

Judgment affirmed.