Peterson *v.* Schultz, Appellant.

Argued March 1, 1948. Before RHODES, P. J., HIRT, ROSS, ARNOLD and FINE, JJ. (RENO and DITHRICH, JJ., absent).

*Gerard P. O'Connor,* for appellant.

*Franklin B. Hosbach,* with him *Hosbach & Good,* for appellee.

OPINION BY ROSS, J., April 16, 1948:

This is an appeal from the refusal of the court below to strike off or to open a judgment entered on a warrant of attorney contained in a written house lease.

On August 31, 1946, C. Foster Palmer, owner of the premises at 2910 Holland Street, Erie, entered into a written lease with John E. Schultz for a term commencing on September 1, 1946, and ending May 1, 1947, at a stipulated rental payable in monthly installments on the first day of each month. The lease contained, inter alia, the following clause: "If the tenant continues to occupy the premises after the end of the term, by consent of the lessor, without entering into another written lease, this lease and all of its provisions, covenants and agreements shall be in force for another year, and so on from year to year as long as the relation of landlord and tenant

continues, as if a new agreement identical with this had been executed by the said parties for the said succeeding term or terms."

On July 28, 1947, Palmer entered into articles of agreement to sell the premises to Peterson (plaintiff), and on August 19, 1947 title to those premises passed by deed from Palmer to Peterson, who purchased the property for his own immediate use and occupancy as a residence. On September 13, 1947, by virtue of a warrant of attorney contained in the lease, an amicable action of ejectment was entered against Schultz with a confession of judgment accompanied by an affidavit stating that the judgment was entered "by virtue of a default on the part of the second party of the said lease and in non-performance of his agreement to move from the premises after receiving due notice to do so which according to the terms of the said lease is therein provided".

On September 22, 1947, the defendant presented a petition to open the judgment to be let into a defense and a rule to show cause was issued. In support of his petition the defendant averred that on the first day of May 1947 the defendant tenant paid to the then-owner and landlord (Palmer) the monthly rental for May 1947, which the landlord voluntarily accepted, and that the defendant had in all respects met all his obligations under the lease, including the payment of all installments of rent as they became due.

The warrant of attorney authorized the entry of judgment in an amicable action of ejectment for the leased premises. In confessing judgment under such a warrant of attorney it is essential that the confession of judgment be accompanied by a specific averment of default within the terms of the lease itself. *Kolf v. Lieberman*, 282 Pa. 479, 128 A. 122. The Housing and Rent Act of 1947, June 30, 1947, c. 163 Title II, sec. 209, 61 Stat. 200, U.S.C.A. Title 50, sec. 1899, states, inter alia: "(a) No action or proceeding to recover possession of

any controlled housing accommodations with respect to which a maximum rent is in effect under this title shall be maintainable by any landlord against any tenant in any court, notwithstanding the fact that the tenant has no lease or that his lease has expired, so long as the tenant continues to pay the rent to which the landlord is entitled unless— . . . (2) the landlord seeks in good faith to recover possession of such housing accommodations for his immediate and personal use and occupancy as housing accommodations; (3) the landlord has in good faith contracted in writing to sell the housing accommodations to a purchaser for the immediate and personal use and occupancy as housing accommodations by such purchaser." These regulations provide, in effect, that no tenant shall be removed from any housing accommodation by reason of the expiration of the lease under which he holds possession. This provision is followed by certain numbered paragraphs stating exceptions to the general rule first stated. If the facts present a situation within any one of these paragraphs, the tenant may be evicted in a proper proceeding. If the default on the part of the tenant is failure to remove at the termination of his lease, the averment of such a default is not sufficient to support an eviction unless accompanied by other averments bringing the landlord within one or more of the exceptions. In this case, in addition to averring that the tenant was in default under the terms of the lease by failing to remove from the premises at the expiration of the term of the lease, the plaintiff further averred that he "purchased the said premises for the purpose of occupancy". Consequently, on the face of the record the judgment of ejectment was properly entered and the landlord was entitled to possession of the leased premises.

The fact that the tenant had paid rent after May 1, 1947 and the landlord had accepted it is not an affirmance of the lease for a new year but merely evidence of

affirmance which may be rebutted by proof that such was not the intention of the parties. *Wilcox v. Montour Iron & Steel Co.,* 147 Pa. 540, 23 A. 840; *Severance v. Heyl & Patterson, Inc.,* 308 Pa. 101, at page 109, 162 A. 171.

There is adequate evidence in this case to show that it was not the intention of the landlord to affirm or extend the lease beyond the date of the original tenure. The defendant testified that he discussed a renewal of the lease with Palmer in January 1947; that "I asked for a renewal of a lease or an extension of it and Mr. Palmer advised me that he wished to sell the property and he didn't feel that he wanted to do that. . . . There was no extension of the present lease. I asked him if he would extend it and he refused." Altho the Housing and Rent Act of 1947, supra, did not become effective until July 1, 1947, the rules and regulations promulgated under authority of the Emergency Price Control Act of 1942, 56 Stat. c. 26, p. 29, 50 U.S.C.A. appendix sec. 921, in effect on May 1, 1947, deprived Palmer, the then-landlord, of the power to evict since he did not desire possession of the property for his own occupancy. It seems clear from the evidence that the defendant remained in possession of the premises after the expiration of the term solely because rent regulations deprived the landlord of the power to evict and not "by consent of the lessor", and consequently the renewal clause of the lease did not become operative.

An application to open judgment is addressed to the court's sound discretion, and, on appeal, the order of the court below will only be reversed for clear abuse of discretion (*Berkowitz v. Kass,* 351 Pa. 263, 40 A. 2d 691) and we find no abuse of discretion in this case.

After testimony was taken on the petition to open, the defendant presented a motion to strike off the judgment.

A motion to strike off a judgment is in the nature of a demurrer to the record. *Rome Sales & Service Station*

*v. Finch,* 120 Pa. Superior Ct. 402, 183 A. 54; *Schwartz v. Goldin,* 160 Pa. Superior Ct. 625, 52 A. 2d. 737. The judgment in this case was regular on its face and the defendant does not contend otherwise. The general rule is that a judgment regular on its face will not be stricken from the record. It is only when the fact upon which the court is asked to strike off a judgment, regular on its face, is admitted or not questioned that it may be stricken off. *Exler v. American Box Co.,* 226 Pa. 384, 75 A. 661. Seeking to bring himself within this exception to the general rule, the defendant based his motion to strike on a portion of plaintiff's answer to the petition to open.

In answer to the defendant's allegation that he had paid rent for the month of May 1947 and "with the consent of the said Lessor has continued to occupy the said premises by virtue" of the renewal clause in the lease, the plaintiff averred that "it is true that the said defendant paid rent after May 1, 1947, but not on any hold-over lease or renewed or extended lease, but merely on a month-to-month proposition". The defendant contends in effect that by this portion of his answer the plaintiff admitted that the parties had entered into a *new* lease, a *month-to-month* lease. This is a specious argument, absolutely without merit. There is neither averment nor proof that the parties entered into a new lease or intended to enter into a new lease. The tenant relied upon the renewal clause in the original lease until after all the testimony was taken on the petition to open. If a new lease were created, it is clear that it was not by agreement of the parties, and neither party so considered it. The defendant is clearly grasping at straws in order to retain possession of the premises purchased by the plaintiff for occupancy by himself and family.

Order affirmed.