## Price v. Badman

*Frank S. Moser*, for plaintiff.

*Daniel W. Kearney*, for defendant.

TROUTMAN, J., December 20, 1948.—Plaintiff, M. Alice Price, instituted an action of ejectment against Frederick Badman, defendant, for the possession of premises known as 800 North Sixth Street, in the Borough of Shamokin, Northumberland County, Pa. Defendant has filed two preliminary objections to the

complaint in the nature of a rule for a more specific complaint and five preliminary objections to the complaint in the nature of a demurrer, which are now before the court for disposition.

The preliminary objections in the nature of a rule for a more specific complaint are, first, that the complaint does not set forth in paragraph 8 thereof the nature of the altering and remodeling of the premises mentioned in the complaint and whether or not the said premises are to be continued as a rental property for dwelling purposes after the said remodeling, and second, that the complaint fails to set forth an abstract of title.

The eighth paragraph of the complaint avers that plaintiff desires to have again and repossess the same (premises) for the immediate purpose of substantially altering and remodeling the same, and for this reason, has caused the oral lease aforesaid, to be ended and terminated.

The Housing and Rent Act of June 30, 1947, C. 163, 61 Stat. at L. 200, sec. 209, 50 U. S. C. §1899, as amended March 30, 1948, 62 Stat. at L. 98, provides, inter alia:

"(a) No action or proceeding to recover possession of any controlled housing accommodations with respect to which a maximum rent is in effect under this title shall be maintainable by any landlord against any tenant in any court, notwithstanding the fact that the tenant has no lease or that his lease has expired, so long as the tenant continues to pay the rent to which the landlord is entitled unless . . . (4) the landlord seeks in good faith to recover possession of such housing accommodations (A) for the immediate purpose of substantially altering or remodeling the same for continued use as housing accommodations, or for the immediate purpose of conversion into additional housing accommodations, and the altering, remodeling, or

conversion cannot practically be done with a tenant in occupancy, and the landlord has obtained such approval as may be required by Federal, State, or local law for the alterations, remodeling, or any conversion planned. . . ."

Subsection (c) further provides that no tenant shall be obliged to surrender possession of any housing accommodations pursuant to the provisions of paragraph (4) of subsection (a) until the expiration of at least 60 days after written notice from the landlord that he desires to recover possession of such housing accommodations for one of the purposes specified in such paragraph.

A careful reading of the above provisions shows that if the default on the part of the tenant is failure to remove at the termination of his lease, the averment of such a default is not sufficient to support an eviction unless accompanied by other averments bringing the landlord within one or more of the exceptions. The eighth paragraph of the complaint avers that the landlord caused the oral lease to be ended and terminated because she wishes to repossess the premises for the immediate purpose of substantially altering and remodeling the same. We are of the opinion that these averments are not sufficiently specific to bring the case within the fourth exception of the Housing and Rent Act of 1947, as amended by the Act of March 30, 1948. This exception provides that the landlord not only seek in good faith to recover possession of such housing accommodations for the immediate purpose of substantially altering or remodeling the same but also provides that the altering or remodeling of the premises be for their continued use as housing accommodations.

There is no averment in the complaint that the said premises are to be continued as housing accommodations after the said altering or remodeling. This is

an important allegation which must be averred in plaintiff's complaint to give him a right to eject the tenant. See Peterson v. Schultz, 162 Pa. Superior Ct. 469, 472.

In order to invoke the remedy afforded under subsection (a), paragraph (4), it is necessary to allege further that the altering and remodeling cannot practically be done with a tenant in occupancy. The complaint in this case does not contain such an allegation. While there has been no objection filed to the same, attention is called to the requirement of subsection (c) which provides that no tenant shall be obliged to surrender possession pursuant to the provisions of paragraph 4 of subsection (a) until the expiration of at least 60 days after written notice from the landlord that he desires to recover possession of the premises for one of the purposes specified.

In relation to the second reason assigned for a more specific complaint, the complaint sufficiently sets forth the title upon which plaintiff relies. The common source of plaintiff's title and defendant's possession is Harvey Price and exhibits "A" and "B" sufficiently set forth that situation.

Rule 1054(b) of Pa. R. C. P. provides: "(b) A party shall set forth in his complaint or answer an abstract of the title upon which he relies at least from the common source of the adverse titles of the parties."

This rule relieves plaintiff from carrying her abstract further back than the common point from which both claims of title originate: DiRienzo v. Greco, 20 Northumb. 167. Plaintiff has complied with this rule by attaching to the complaint an abstract showing that she obtained title to the premises on the death of her husband with whom she owned the property jointly as tenants by the entireties and also containing a record of the deed to her husband, conveying the same property. The abstract likewise shows that defendant

obtained possession under an oral lease with the husband of plaintiff when he was sole owner of the property.

For the above reasons, the first preliminary objection in the nature of a rule for a more specific complaint is sustained and the second preliminary objection is dismissed.

In accordance with the Pennsylvania Rules of Civil Procedure, defendant also filed preliminary objections to the complaint in the nature of a demurrer. These preliminary objections are to the effect that the complaint does not set forth a legal cause of action. We are of the opinion that since we have sustained the first preliminary objection in the nature of a rule for a more specific complaint it is unnecessary to pass upon the preliminary objections in the nature of a demurrer inasmuch as the defects objected to in the nature of a demurrer may be remedied by the filing of a more specific complaint. This is particularly true of the third and fifth preliminary objections. The fourth preliminary objection which objects to the abstract of title has already been disposed of in considering the objection in the nature of a rule for a more specific complaint. The first and second preliminary objections which are to the effect that the complaint is insufficient in law to support the action will no doubt be met by the filing of a more specific complaint. Consequently, the preliminary objections in the nature of a demurrer are dismissed.

### Order

And now, to wit, December 20, 1948, defendant's second preliminary objection in the nature of a rule for a more specific complaint and defendant's preliminary objections in the nature of a demurrer are hereby dismissed. Defendant's first preliminary objection in the nature of a rule for a more specific complaint is

hereby sustained and plaintiff is hereby directed to file an amended complaint in accordance with the foregoing opinion within a period of 20 days from the date hereof.