Kazanjian, to use, *v*. Cohen, Appellant.

Argued November 16, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Edward I. Weisberg,* for appellant.

*William N. Nitzberg,* for appellees.

PER CURIAM, November 18, 1953:
The order of the court below is affirmed, at the cost of appellant. The opinion of this Court will be filed at a subsequent date.

OPINION BY WRIGHT, J., March 16, 1954:
This is an appeal from an order of the Court of Common Pleas of Philadelphia County discharging appellant's alternative rule to strike off or open a default judgment in an ejectment action.

The record discloses that on February 4, 1941, Dicran Kazanjian, acting as agent for his wife, Veronica, entered into a five year lease agreement with appellant for the rental of a dwelling house at 415 South 62nd Street. The lease provided that, if the tenant should continue in possession of the premises after the termination date, it would automatically be extended for a further term of five years, and so on from term to term. There was also a clause providing for termination upon notice given three months before the expiration of any term. On June 21, 1950, a notice was sent to appellant by registered mail advising him that the then owners intended to terminate the lease at the expiration of the term on February 3, 1951. Appellant failed to vacate. On March 22, 1951, a complaint in ejectment with notice to plead thereto within twenty days from date of service was filed in the name of Veronica Kazanjian against Louis Cohen. The complaint was served on appellant on April 2, 1951. Appellant failed to file an answer on or before April 23, 1951. However, on April 25, 1951, he filed preliminary objections alleging that the plaintiff had failed to aver that she had complied with the rules and regulations of the Office of the Housing Expediter and of the Philadelphia Rent Commission relating to the re-taking of possession of premises in the City, and that the complaint was a subterfuge to avoid complying with said rules and regulations. The case was argued before the court below and, on May 17, 1951, the court dismissed the preliminary objections. On May 18, 1951, judgment for possession was entered for failure to file an answer. It is this judgment with which we are presently concerned.

On August 15, 1951, appellant entered an appeal to this court from the order dismissing his preliminary objections. He failed to file a statement of the ques-

tions to be argued, failed to print the record, and failed to print and serve briefs. On March 14, 1952, appellant filed a petition to remand the record for reconsideration of the judgment by the court below, and this court ordered that argument on said petition be heard at the time the appeal was listed for argument on the merits. The petition and appeal were subsequently argued and, on March 21, 1952, a judgment of non pros was entered.

On February 17, 1953, Martin Shelengian and Rose Shelengian, his wife, the use plaintiffs herein, purchased the premises for their use as a dwelling. On March 4, 1953, at the instance of the use plaintiffs, the record was returned to the lower court certifying the judgment of non pros. An application was then made to the United States Rent Stabilization Office for permission to evict appellant from the premises. This application was granted on April 17, 1953, with permission to evict on and after July 10, 1953. Appellant filed an appeal from this order to the Philadelphia County Rent Advisory Board which, after hearing, dismissed the appeal. On July 14, 1953, the judgment for possession was marked to the use of the use plaintiffs and a habere facias possessionem was issued the next day. On July 21, 1953, appellant petitioned the lower court for a rule to strike off or open the judgment, the rule being issued the same day. An answer was filed by the use plaintiffs, and the matter was argued. The order of the lower court discharging the rule was entered on August 11, 1953. On August 13, 1953, an alias writ of habere facias possessionem was issued. On August 17, 1953, appellant filed the present appeal.

A rule to strike off a judgment is in the nature of a demurrer to the record: *Schwartz v. Goldin*, 160 Pa. Superior Ct. 625, 52 A. 2d 737. It is not a substitute

for a rule for a more specific complaint or a rule to strike off a pleading: *Redington Hotel v. Guffey,* 148 Pa. Superior Ct. 502, 25 A. 2d 773. Consequently, a judgment regular on its fact will not be stricken from the record: *Peterson v. Schultz,* 162 Pa. Superior Ct. 469, 58 A. 2d 360. Where the complaint contains averments of fact necessary to sustain the action, the rule to strike off must be discharged, and this is true even though the facts may not have been well pleaded: *Grezwich v. Green,* 162 Pa. Superior Ct. 139, 56 A. 2d 308. Our duty is to inquire whether the complaint in the case at bar contains averments of fact necessary to sustain the action: *Mittin Bros. v. Bass,* 84 Pa. Superior Ct. 298.

Appellant contends that the complaint did not adequately describe the premises, that it did not contain a sufficient abstract of title, and that the notice of termination attached to the complaint was incomplete. These defects should have been raised by preliminary objections under Pa. R. C. P. No. 1017 (b), and should have been included in appellant's pleading filed April 25, 1951. Since appellant failed to include all of his objections in that pleading, he is now precluded by Pa. R. C. P. 1028 (b). However, he contends that the defects now asserted are substantive in nature and come within the exception in Pa. R. C. P. No. 1032 (1). We do not agree. The premises were described as "415 South 62nd Street, Philadelphia, Pennsylvania". This was the description contained in the lease. It was a reference to a lot number sufficient to identify the property. See *O'Connell v. Cease,* 267 Pa. 288, 110 A. 266. The complaint averred that the lessor was the owner of the premises. This was the source of appellant's possession. He cannot now assert that there was a substantive defect in the complaint because title was not more fully pleaded. Similarly, technical de-

fects in the notice of termination should have been raised at the time the preliminary objections were filed.

Coming now to the rule to open the judgment, such proceeding is addressed to the court's sound discretion, and the order of the court below will be reversed only for clear abuse thereof: *Berkowitz v. Kass,* 351 Pa. 263, 40 A. 2d 691. It is an appeal for the exercise of the equitable power of the court: *Kogen v. Horowitz,* 169 Pa. Superior Ct. 349, 82 A. 2d 530. Although that power includes the opening of a judgment entered by default (as distinguished from a judgment adversely rendered) even after the expiration of the term in which it was entered, the application for that purpose must be made without unreasonable delay, or the relief sought will be barred by laches: *Baraonfski v. Malone,* 371 Pa. 479, 91 A. 2d 908. In *Planters Co. v. Brown-Murray Co.,* 128 Pa. Superior Ct. 239, 193 A. 381, we held that the burden is on the defendant to prove not only due diligence, but also that he has grounds for opening the judgment, as well as a meritorious defense. Appellant in the instant case has failed to present a case entitling him to equitable relief. He has alleged a number of technical errors which do not affect the merits. Moreover, he delayed for a period of two and a half years after the judgment was entered before presenting his petition. In the meantime, a judgment of non pros was entered against him by this court in the very matter now in controversy. Such dilatory tactics constitute laches amply sufficient to justify the action of the court below. See *Horn v. Witherspoon,* 327 Pa. 295, 192 A. 654.