## Carmichaels Motor Sales v. Packrall

*D. M. Cummins*, for plaintiff.

*John F. Roney*, for defendants.

WEINER, J., March 29, 1956.—On July 1, 1939, defendants, Irene Packrall and Mike Packrall, her husband, executed and delivered a judgment note to plaintiff, Carmichaels Motor Sales, in the sum of $619.96. After part of the obligation had been paid, plaintiff confessed judgment against defendants on October 14, 1955, and issued execution thereon. Counsel for defendants filed a petition to strike off the judgment, alleging that plaintiff had failed to comply with a local rule of court in confessing the judgment. The rule, which has been in effect since July 1, 1941, states as follows:

"1. JUDGMENTS UPON CONFESSION. If a warrant of attorney or written power to enter judgment·on an instrument under seal be above ten years old, and under twenty, and is accompanied by an affidavit of the due execution thereof, that the debt is unpaid and the party living, the Prothonotary shall enter judgment thereon as of course."

The rule on the petition to strike was made returnable to November 28, 1955. Upon the filing of an answer, the case was brought to issue. The question for determination is whether or not we should strike off

the judgment entered on a warrant of attorney more than 10 years old where plaintiff has failed to adhere to a local rule of court requiring an affidavit.

Here there is no assertion or allegation that the local rule requiring an affidavit is invalid. Counsel for plaintiff admits that he had failed to file the necessary affidavit prior to the confession of judgment. Nevertheless, he insists that his oversight should not be used to penalize the "innocent plaintiff". Apparently counsel makes little endeavor to appreciate the long established practice of the attorney acting as agent for the client in all of the matters which come before the courts. The act of the attorney is the act of the client. Were this not so, the law would be fraught with two different sets of rules on each issue involving attorney and client.

Generally a judgment will not be stricken unless there is some defect or irregularity which appears on the face of the record: King v. Brooks, 72 Pa. 363 (1872) ; McKee v. Foster, 29 Erie 364. In Peterson v. Schultz, 162 Pa. Superior Ct. 469, at page 473, the court said: "A motion to strike off a judgment is in the nature of a demurrer to the record. *Rome Sales & Service Station v. Finch*, 120 Pa. Superior Ct. 402, 183 A. 54; *Schwartz v. Goldin*, 160 Pa. Superior Ct. 625, 52 A. 2d 737. The judgment in this case was regular on its face and the defendant does not contend otherwise. The general rule is that a judgment regular on its face will not be stricken from the record. It is only when the fact upon which the Court is asked to strike off a judgment, regular on its face, is admitted or not questioned that it may be stricken off."

There are two cases which deal with the issue at bar. In Security Trust Company of Pottstown v. Feist, 24 D. & C. 234 (1935), a petition to strike off or to open a judgment was filed. It appeared that the judgment was obtained upon a sci. fa. sur mortgage. How-

ever, in securing the judgment plaintiff failed to endorse his statement of claim with a notice to plead as required by a local rule of court. The court asserted: "Irregularity in the proceedings leading to the entry of a judgment, as distinguished from mere error, is ground for vacating or striking off the judgment, provided the irregularity renders the judgment void, or is prejudicial or dangerous to the substantial rights and interest of the party affected. Where the court, as in the instant case, has adopted valid rules requiring an endorsement on the copy of the statement . . . proceedings should be conducted in conformity with such valid rules, and a judgment entered . . . in violation of such rules, should be set aside upon motion of the party injuriously affected thereby": 24 D. & C., at page 240. In Northwestern National Bank & Trust Co. v. Heenerfauth, 18 D. & C. 534 (1939), a judgment was entered for want of an appearance but plaintiff neglected to serve a copy of the statement of claim upon defendant as required by a local rule of court. Defendant filed a petition to strike off the judgment. The court made the rule absolute, holding that the failure to serve the copy of the statement of claim upon defendant was fatally defective. Accord: 7 Standard Pa. Practice, pp. 170-173.

There is no question but that plaintiff neglected to file the affidavit directed to be entered by our rule of court. As we view it, such an affidavit is a condition precedent to the validity of the judgment which is entered on a note more than 10 years old. A review of the Pennsylvania cases on the point, although somewhat meager, definitely confirm our decision that the absence of the affidavit renders void a judgment secured by a note as involved in this case: Security Trust Company of Pottstown v. Feist, supra; Northwestern National Bank & Trust Company v. Heenerfauth, supra.

*Order*

And now, to wit, this March 29, 1956, the rule to show cause why the judgment entered at the above number and term should not be stricken from the record for failure to attach the required affidavit is hereby made absolute, and it is hereby ordered and directed that the said judgment be and the same is hereby stricken, without prejudice to plaintiff to pursue such other remedy that the law may provide to enforce payment of any balance which plaintiff may be able to show to be due from defendants by reason of said note.